UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JEFFREY RODRIGUEZ,
       Plaintiff,
  v.
THE CITY OF NEW YORK,                             **COMPLAINT**
NEW YORK CITY POLICE DETECTIVE
JOHN SLATER, Shield # 6994,
NEW YORK CITY POLICE DETECTIVE
LUIS RAMOS,
Narcotics Borough Manhattan North,
NEW YORK CITY POLICE DEPARTMENT
UNDERCOVER OFFICER SIX,
Narcotics Borough Manhattan North,
NEW YORK CITY POLICE DEPARTMENT
UNDERCOVER OFFICER THREE HUNDRED TWENTY EIGHT,
Narcotics Borough Manhattan North,
NEW YORK CITH POLICE OFFICER JOHN DOE,
Narcotics Borough Manhattan North,
       Defendants.
------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights Action in which Plaintiff, JEFFREY RODRIGUEZ, seeks redress for the Defendant's violations of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

1

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims as and against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a jury trial on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. Sections 1391(a), (b) and (c).

## PARTIES

7. The Plaintiff, JEFFREY RODRIGUEZ, is a United States Citizen, and is, and at all times relevant herein, a resident of the State of New York. The Plaintiff filed a Notice of Claim against the City of New York and had a 50H Hearing prior to the filing of this Complaint.

8. Defendants, NEW YORK CITY POLICE DETECTIVE JOHN PAUL SLATER, Shield Number 6994, NEW YORK CITY POLICE DETECTIVE LUIS RAMOS, NEW YORK CITY UNERCOVER POLICE OFFICER NUMBER THREE HUNDRED TWENTY EIGHT (328), NEW YORK CITY UNDERCOVER POLICE OFFICER NUMBER SIX (6), and NEW YORK CITY POLICE OFFICER JOHN DOE, upon information and belief of the NARCOTICS BOROUGH MANHATTAN NORTH COMMAND, are at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agent of Defendant CITY OF NEW YORK. Defendant(s), NEW YORK CITY POLICE DETECTIVE SLATER, NEW YORK CITY POLICE DETECTIVE RAMOS, NEW YORK CITY UNDERCOVER POLICE OFFICERS NUMBERS 328 and 6, and NEW YORK CITY POLICE OFFFICER JOHN DOE, are sued individually and in their official capacity. At all times relevant, Defendants NEW YORK CITY POLICE DETECTIVES SLATER and RAMOS, UNDERCOVER OFFICERS NUMBERED THREE HUNDRED TWENTY EIGHT (328) and SIX (6), and NEW YORK CITY POLICE OFFICER JOHN DOE were acting under

the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants, NEW YORK CITY POLICE DETECTIVES SLATER and RAMOS, NEW YORK CITY POLICE UNDERCOVER POLICE OFFICERS NUMBERED THREE HUNDRED TWENTY EIGHT (328) and SIX (6), and NEW YORK CITY POLICE OFFICER JOHN DOE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

## STATEMENT OF FACTS

11. On May 10, 2017 at approximately 7:30 p.m. the Plaintiff was standing near his residence, in the vicinity of 66 Vermilyea in New York County, when he was approached by named Defendants, NEW YORK CITY POLICE DETECTIVES JOHN SLATER and LUIS RAMOS and other members of THE NEW YORK CITY POLICE DEPARTMENT including Defendant NEW YORK CITY POLICE OFFICER JOHN DOE.  Upon information and belief, without any reason or cause, Defendant DETECTIVE RAMOS ordered the Plaintiff to place his hands behind his back.  Upon information and belief, Defendant DETECTIVE RAMOS then began to physically search the Plaintiff, without the Plaintiff's permission or consent, and then handcuffed and arrested the Plaintiff.   Defendant NEW YORK CITY POLICE DETECTIVE RAMOS subsequently told NEW YORK CITY POLICE DETECTIVE SLATER that he allegedly recovered marijuana from the Plaintiff's person, and that on the same day, two hours earlier, Defendant NEW YORK CITY UNDERCOVER OFFICER SHIELD NUMBER SIX (6) had observed the Plaintiff in possession of marijuana in an automobile in the vicinity of 66 Vermilyea Avenue. Named Defendant NEW YORK CITY UNDERCOVER POLICE OFFICER SHIELD NUMBER THREE HUNDRED TWENTY EIGHT (328) also informed Defendant NEW YORK CITY POLICE DETECTIVE JOHN SLATER that on January 20, 2017, five months earlier, he had allegedly purchased a controlled substance from an individual known to the Plaintiff.  Upon information and belief, after the Plaintiff was handcuffed, named Defendant NEW YORK CITY POLICE DETECTIVE LUIS RAMOS asked the Plaintiff whose car it was, to which the Plaintiff responded that he did not know whose car it was.  The Plaintiff then observed Defendant NEW YORK CITY POLICE DETECTIVE LUIS RAMOS reach into the car while another member of THE NEW YORK CITY POLICE DEPARETMENT forced down a window of the car.  Upon information and belief, when the Plaintiff told Defendant NEW YORK CITY POLICE DETECTIVE RAMOS that the Plaintiff did not think that Defendant RAMOS could just "go into people's cars", named Defendant, NEW YORK CITY POLICE OFFICER JOHN DOE, described as an older, short, Caucasian

male wearing sunglasses and with a clean shaven head, approached the Plaintiff and stated in sum and substance: "you want to be a smart ass", whereupon named Defendant NEW YORK CITY POLICE OFFICER JOHN DOE forcefully grabbed the Plaintiff by the right wrist and shoulder and pulled the Plaintiff over to a police car approximately 15 feet away, causing physical injury to the Plaintiff's right shoulder and wrist.  The Plaintiff was subsequently transported to the 33rd Precinct where the Plaintiff was subjected to an unnecessary strip search by named Defendants, NEW YORK CITY POLICE DETECTIVES SLATER and RAMOS. Based upon the false allegations levied against the Plaintiff by all the named Defendants, the Plaintiff was subsequently charged by THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE with violating New York Penal Law Section 220.39, a Felony, and held in custody for approximately six (6) days, prior to being able to post bail, causing the Plaintiff to lose his employment.  Upon further information and belief, the Plaintiff did not receive any medical treatment from any of the named Defendants for the injuries to the Plaintiff's right wrist or shoulder.  Upon information and belief, the felony charges levied against the Plaintiff by the named Defendants were subsequently dismissed by THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE and the Plaintiff was prosecuted for allegedly violating New York Penal Law Section 221.05.  Upon further information and belief, after testimony from the named Defendant Officers, on June 25, 2018 the Plaintiff was found not guilty by a Judge of the New York County Criminal Court.

**FIRST FEDERAL CLAIM**

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Search, False Arrest**

12. The Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, on March 30, 2015 the conduct of Defendants NEW YORK CITY POLICE DETECTIVES JOHN SLATER, LUIS RAMOS and NEW YORK CITY

UNDERCOVER POLICE OFFICERS NUMBERED THREE HUNDRED TWENTY EIGHT (328) and SIX (6) acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully searching, detaining and arresting the Plaintiff without lawful reason or cause.

14. That the actions of Defendant NEW YORK CITY POLICE DETECTIVES SLATER, RAMOS and UNDERCOVER OFFICERS THREE HUNDRED TWENTY EIGHT (328) and SIX (6) occurred in and during the course and scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force**

15. The Plaintiff incorporates by reference each of the allegations contained in Paragraph(s) One (1) through Fourteen (14) as if fully set forth herein.

16. That on May 10, 2017, the Defendant, NEW YORK CITY POLICE OFFICER JOHN DOE, unlawfully utilized excessive force upon the Plaintiff without lawful reason or cause, causing injury to the Plaintiff.

17. That the actions of Defendant, NEW YORK CITY POLICE OFFICER JOHN DOE, occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an employee and agent of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## THIRD FEDERRAL CLAIM

**Violation of Rights Secured by the Fourth and Fourteenth Amendments to the United States Constitution, Section 42 U.S.C. 1983- Unlawful Strip Search**

18. The Plaintiff incorporates by reference each of the allegations contained in Paragraph(s) One (1) through Seventeen (17) as if fully set forth herein.

19. That on May 10, 2017, the Defendants, NEW YORK CITY POLICE DETECTIVES JOHN SLATER and LUIS RAMOS, unlawfully subjected the Plaintiff to a Strip Search without a valid lawful reason or cause, causing harm to the Plaintiff.

20. That the actions of Defendant(s) NEW YORK CITY POLICE DETECTIVES JOHN SLATER and LUIS RAMOS, occurred during the scope of their duties and functions as New York City Police Officers, and while acting as employees and agents of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FOURTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Malicious Prosecution**

21. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty (20) as if fully set forth herein.

22. Upon information and belief, between May 10, 2017 and June 2018 the conduct of Defendants NEW YORK CITY POLICE DETECTIVES JOHN SLATER, NEW YORK CITY POLICE DETECTIVE LUIS RAMOS, NEW YORK CITY UNDERCOVER POLICE OFFICERS THREE HUNDRED TWENTY EIGHT (328) and SIX (6), acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, and maliciously failing to inform members of THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE that the Plaintiff was not involved in the allegations contained in the Criminal Court Felony Complaint, resulting in and causing the arrest and prosecution of Plaintiff for a felony for no lawful reason or cause.

23. That the actions of Defendant NEW YORK CITY POLICE DETECTIVES SLATER, LUIS and UNDERCOVER SHIELD NUMBERS THREE HUNDRED TWENTY EIGHT (328) and

SIX (6) occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

### FIRST STATE LAW CLAIM

24. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty Three (23) as if fully set forth herein,

25. That on May 10, 2017, the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE DETECTIVES JOHN SLATER, LUIS RAMOS and POLICE OFFICER JOHN DOE, which resulted in the unlawful search, detention, arrest and physical injury of and to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to the Plaintiff.

### SECOND STATE LAW CLAIM

26. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Five (25) as if fully set forth herein.

27. That on May 10, 2017, the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendants, NEW YORK CITY POLICE DETECTIVES JOHN SLATER and LUIS RAMOS and NEW YORK CITY UNDERCOVER POLICE OFFICERS NUMBERS THREE HUNDRED TWENTY EIGHT (328) and SIX (6), resulted in the unlawful search, detention and arrest of the Plaintiff, resulting in the aforementioned harm to the Plaintiff.

### THIRD STATE LAW CLAIM

28. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Seven (27) as if fully set forth herein.

29. That on May 10, 2017, the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant, NEW YORK CITY POLICE

OFFICER JOHN DOE, resulted in the unlawful use of excessive force against the Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

WHEREFORE, the Plaintiff demands the following relief, jointly and severably, against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against named Defendant(s) NEW YORK CITY POLICE DETECTIVE JOHN SLATER, NEW YORK CITY POLICE DETECTIVE LUIS RAMOS, NEW YORK CITY UNDERCOVER POLICE OFFICERS NUMBER(S) SIX (6) and THREE HUNDRED TWENTY EIGHT (328) and NEW YORK CITY POLICE OFFICER JOHN DOE.

3. A Court Order pursuant to 42 U.S.C, 1998 that the Plaintiff is entitled to costs of the instant action, and attorney fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

/S/

_____

Dated: December 30, 2019  
New York, NY

**Via ECF**

VICTOR M. BROWN, ESQ.  
(VB-5289)  
Attorney for Plaintiff  
11 Park Place, Suite 1100  
New York, NY 10007  
(212) 227-7373